UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNETTE G. SCHOFIELD,

        Plaintiff,

v.                                                        Case No.  8:22-cv-2384-CEH-SPF

MARTIN O'MALLEY,
Commissioner of the Social
Security Administration,[1]

        Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of the denial of his claim for period of disability and disability insurance benefits ("DIB").  As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed the proper legal standards, the undersigned recommends the Commissioner's decision be affirmed.

### I.       Procedural Background

Plaintiff applied for a period of disability and DIB (Tr. 72–88).  The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 113–23).  Plaintiff then requested an administrative hearing (Tr. 124–25).  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 39–71).  Following the

---

[1] On December 20, 2023, Martin O'Malley was sworn in as the Commissioner of Social Security, replacing Acting Commissioner Kilolo Kijakazi, and he is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).  *See also* 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 17–29). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.        Factual Background and the ALJ's Decision

Plaintiff was born in 1972 and claims disability beginning August 27, 2019 (Tr. 72, 17). She has a high school education and past relevant work experience as a loan processor (Tr. 28). Plaintiff alleged disability due to spinal neck issues, left hearing loss/tinnitus, arthritis, severe allergies, recurring headaches, anxiety, depression, PTSD, sleep apnea, and heart arrythmia (Tr. 72–73).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through March 31, 2025 and had not engaged in substantial gainful activity since August 27, 2019, her alleged onset date (Tr. 19). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: back disorder, inflammatory arthritis, left hearing loss/tinnitus, and depressive/bipolar disorder (*Id.*). Notwithstanding these impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 20).

The ALJ then concluded that Plaintiff retained the residual functional capacity ("RFC") to perform light work with these limitations:

[S]he is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently.  She is able to stand and/or walk six hours in an eight-hour workday and sit six hours in an eight-hour workday.  She is able to occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl but never climb ladders, ropes, or scaffolds.  She is able to frequently handle, finger, and feel bilaterally.  She is able to frequently hear with the left ear and accordingly she should never perform telephone communications.  She is able to tolerate no more than moderate levels of noise as defined in Appendix D of the Selected Characteristics of Occupations.  She must avoid concentrated exposure to extreme cold, wetness and hazards.  She is able to understand, carry out, and remember simple, routine and repetitive tasks; involving only simple, work-related decisions with the ability to adapt to routine workplace changes.  She is able to tolerate occasional interaction with the general public.  She will be off-task five percent of the day and miss one workday per quarter.

(Tr. 22).   In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 23–24).

Considering Plaintiff's impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could not perform her past relevant work but could work as a routing clerk (Tr. 29).  Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 30).

### III.      Legal Standard

To receive benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which will likely result in death or which has lasted or will likely last for a continuous period of not less than twelve months.   42 U.S.C. § 423(d)(1)(A).   A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. § 423(d)(3).

The Social Security Administration, to regularize the adjudicative process, promulgated the detailed regulations in effect.   These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. § 404.1520(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  20 C.F.R. § 404.1520(a).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal

standards.  *See* 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal.  *Keeton*, 21 F.3d at 1066. Review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## IV.    Analysis

Plaintiff raises five arguments on appeal: (1) the ALJ improperly evaluated Plaintiff's impairments at Step Two of the sequential evaluation process; (2) the ALJ's RFC is not supported by substantial evidence; (3) the ALJ failed to properly evaluate the opinions of the medical experts; (4) the ALJ's hypothetical to the VE failed to include all of Plaintiff's impairments; and (5) the ALJ improperly evaluated Plaintiff's subjective

complaints.  For the reasons that follow, the Court recommends that the decision of the Commissioner be affirmed.

### A. Step Two

Plaintiff's first argument is that the ALJ erred in step two of the sequential evaluation process because, although the ALJ acknowledged Plaintiff's complaints of chronic neck pain due to cervical degenerative disc disease, he failed to state whether he considered this to be a severe or non-severe impairment.  The Commissioner responds that the finding of any severe impairment is enough to satisfy step two.  For the reasons explained below, the Court agrees with the Commissioner.

To backtrack, at step two, the ALJ must consider the medical severity of a claimant's impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is not considered severe where it does not significantly limit the claimant's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1522(a), 416.922(a).  To establish a severe impairment, the claimant is only required to show that the "impairment is not so slight and its effect is not so minimal." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); *see also Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1265 (11th Cir. 2019).  If the claimant does not have a severe medically determinable impairment or combination of impairments, she is not disabled.  If the claimant has a severe impairment or combination of impairments, the analysis proceeds to the next step.

If an ALJ errs in finding that any of a claimant's impairments are not severe at step two, such error is harmless when the ALJ finds that the claimant has at least one severe

impairment.  *Schink*, 935 F.3d at 1268; *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824–25 (11th Cir. 2010)[2] ("Even if the ALJ erred in not indicating whether chronic pain syndrome was a severe impairment, the error was harmless because the ALJ concluded that [claimant] had a severe impairment, and that finding is all that step two requires."); *see also Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) ("Accordingly, even assuming that [the plaintiff] is correct that her additional impairments were 'severe,' the ALJ's recognition of that as a fact would not, in any way, have changed the step-two analysis, and she cannot demonstrate error below.").  Therefore, to the extent Plaintiff seeks remand due to the ALJ's failure to find her chronic neck pain due to cervical degenerative disc disease to be a severe impairment, any such error would be harmless because the ALJ found that Plaintiff had other severe impairments and proceeded to step three of the sequential analysis (Tr. 19–20).

## B. RFC

Piggybacking off her first argument, Plaintiff argues that the ALJ erred by failing to include any functional limitations from Plaintiff's cervical degenerative disc disease, inflammatory arthritis, or the combined effects of her impairments in Plaintiff's RFC determination.  The Commissioner responds that Plaintiff improperly asks the Court to reweigh the evidence and substitute its judgment for that of the ALJ.  The Court agrees.

Contrary to Plaintiff's suggestion, in assessing Plaintiff's RFC, the ALJ thoroughly discussed the effects of Plaintiff's cervical degenerative disc disease and inflammatory

---

[2] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

arthritis.[3]  (*See, e.g.*, Tr. 24 (stating that Plaintiff underwent cervical fusion, and afterward "continued to report pain and weakness in her upper extremities, but she denied any numbness or tingling"); *Id.* (noting that Plaintiff had "diminished range of motion in her cervical and lumber spine but there was no evidence of decreased strength or gait impairment"); *Id.* (while Plaintiff had a diminished range of motion in her neck, she had a good range of motion in her right shoulder and her upper extremity strength was intact); Tr. 25 ("In November 2021, [Plaintiff] complained of worsening pain in her hands and feet.  An examination showed her gait was antalgic but there was no evidence of diminished range of motion in her back or extremities.  There was also no evidence of decreased muscle or grip strength."); Tr. 26 ("Ms. Westbrook's opinion regarding the claimant's ability to lift, push and pull 25 pounds is persuasive because it is supported by her treatment notes that show a history of cervical degenerative disc disease with radiculopathy, but she had good strength in her upper extremities."); *Id.* (stating that the claimant is able to perform light work with additional limitations because it is "consistent with treatment notes that show some diminished range of motion in her spine, but she had good strength in her extremities"); *Id.* ("There was diminished range of motion in her

---

[3]  Moreover, the ALJ also stated that he "considered all the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity" (Tr. 20).  This statement is sufficient to establish that the ALJ adequately considered all of Plaintiff's impairments.  *See Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 n.3 (11th Cir. 2010) (ALJ's statements that he considered "the entire record" and "all symptoms" indicate he considered all of claimant's impairments); *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991) (a simple expression of the ALJ's consideration of the combination of impairments constitutes a sufficient statement of such findings); *Wilson*, 284 F.3d at 1224–25.

fingers on one occasion, but her range of motion was generally intact, and she had good grip strength.")).

Plaintiff appears to argue that a mere diagnosis necessarily requires certain limitations be incorporated into her RFC.  But the existence of an impairment does not reveal the extent to which that impairment impacts a claimant's ability to work.  *See, e.g.*, *Thomas v. Comm'r of Soc. Sec.*, No. 3:19-cv-943-J-PDB, 2020 WL 5810234, at *3 (M.D. Fla. Sept. 30, 2020) ("The mere existence of an impairment does not reveal its effect on a claimant's ability to work or undermine RFC findings.") (quotations and citations omitted); *see also Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987) (stating that the functional limitations imposed by a condition, rather than the mere diagnosis of the condition, determines disability).  Stated differently, Plaintiff attempts to argue that the ALJ's RFC determination is improper because there is evidence in the record that could support a different RFC determination.  This is outside of the scope of this Court's review. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) ("To the extent that Moore points to other evidence which would undermine the ALJ's RFC determination, her contentions misinterpret the narrowly circumscribed nature of our appellate review, which precludes us from 're-weigh[ing] the evidence or substitut[ing] our own judgment for that [of the Commissioner]' . . . .") (alterations in original).

### C. Opinion Evaluation

Plaintiff's next argument is that the ALJ erred in his evaluation of medical opinion evidence.  Specifically, Plaintiff argues that the ALJ should not have found the opinions of the state agency medical consultants to be persuasive because they evaluated Plaintiff's

medical records in 2020, nearly two years before the ALJ issued his decision.  The Commissioner responds that the ALJ's evaluation of the prior administrative medical findings is supported by substantial evidence.  The Court agrees.

Before March 27, 2017, Social Security Administration ("SSA") regulations codified the treating physician rule, which required the ALJ to assign controlling weight to a treating physician's opinion if it was well supported and not inconsistent with other record evidence.  *See* 20 C.F.R. § 404.1527(c).  Under the treating physician rule, if an ALJ assigned less than controlling weight to a treating physician's opinion, he or she had to provide good cause for doing so.  *See Winschel v. Comm'r of Soc. Sec*, 631 F.3d 1176, 1178–79 (11th Cir. 2011).

In this case, however, revised SSA regulations (published on January 18, 2017, and effective on March 27, 2017) apply because Plaintiff filed her claim on December 11, 2019 (Tr. 72).  As the SSA explained, "under the old rules, courts reviewing claims tended to focus more on whether the agency sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision ... these courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential to us." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017); *see also Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1259 n.4 (11th Cir. 2019).  *Compare* §§ 404.1527(c), 416.927(c) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.") *with* 20 C.F.R. §§ 404.1520c(a), 416.920c(a) ("We will not

10

defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."). Moreover, the Eleventh Circuit has affirmed that these new regulations eliminate the treating physician rule. *Harner v. Comm'r of Soc. Sec.*, 38 F.4d 892, 897 (11th Cir. 2022) (noting that the Commissioner "determined that a change was required due to a shift away from physicians having a personal relationship with claimants and toward claimants consulting multiple doctors and care teams").

The new regulations require an ALJ to apply the same factors when considering opinions from *all* medical sources. 20 C.F.R. § 404.1520c(a). As to each medical source, the ALJ must consider (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(c). But the first two factors are the most important: "Under the new rule, the SSA will consider the persuasiveness of all medical opinions and evaluate them primarily on the basis of supportability and consistency." *Mackey v. Saul*, No. 2:18-cv-2379-MGL-MGB, 2020 WL 376995, at *4 n.2 (D.S.C. Jan. 6, 2020) (citing 20 C.F.R. § 404.1520c(a),(c)(1)-(2) (while there are several factors ALJs must consider, "[t]he most important factors ... are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section).").

"Supportability" refers to the principle that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more

persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). "Consistency" refers to the principle that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2). Put differently, the ALJ must analyze whether the medical source's opinion is (1) supported by the source's own records; and (2) consistent with the other evidence of record. *Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021), *report and recommendation adopted*, 2021 WL 1565162 (Apr. 21, 2021).

The new regulations also change the standards the ALJ applies when articulating his or her assessment of medical source opinions. As mentioned above, an ALJ need not assign specific evidentiary weight to medical opinions based on their source. *See Tucker v. Saul*, No. 4:19-cv-759, 2020 WL 3489427, at *6 (N.D. Ala. June 26, 2020). While the ALJ must explain how he or she considered the supportability and consistency factors, the ALJ need not explain how he or she considered the other three factors.[4] 20 C.F.R. § 404.1520c(b)(2). And, in assessing the supportability and consistency of a medical opinion, the regulations provide that the ALJ need only explain the consideration of these

---

[4] The exception is when the record contains differing but equally persuasive medical opinions or prior administrative medical findings about the same issue. *See* 20 C.F.R. § 404.1520c(b)(3).

factors on a source-by-source basis – the regulations do not require the ALJ to explain the consideration of each opinion from the same source. *See* 20 C.F.R. § 404.1520c(b)(1).

In April 2020, state agency medical consultant Dr. Gabriel opined that Plaintiff was capable of work at the light exertional level except she is able to frequently climb ramps or stairs and occasionally stoop, kneel, crouch, crawl, and climb ladders, ropes, and scaffolds (Tr. 81–82). He also opined that Plaintiff is able to frequently hear with her left ear, but she must avoid concentrated exposure to extreme cold, wetness, and hazards (Tr. 82–83). Upon reconsideration, in September 2020, state agency medical consultant Dr. Bixler affirmed the opinion of Dr. Gabriel (Tr. 103–07).

The ALJ said the following regarding the state agency medical consultants' opinions:

> These opinions are persuasive because they are generally supported by a review of the medical evidence available at the time of the opinions. They are also consistent with the claimant's treatment notes that show some diminished range of motion in her spine, but she had good strength in her extremities. Her gait was normal on most occasions and there is no evidence she required an assistive device to ambulate. There was diminished range of motion in her fingers on one occasion, but her range of motion was generally intact, and she had good grip strength. Due to a history of hearing loss/tinnitus, she is further limited to no more than moderate noise and no telephone communication. Due to a combination of her impairments, she will be off-task five percent of the day and miss one workday per quarter.

(Tr. 27) (exhibit citations omitted). The ALJ's consideration of Dr. Gabriel's and Dr. Bixler's opinions tracks the regulation's requirements as he addressed both consistency and supportability.

Plaintiff argues that the ALJ erred in his analysis of the prior administrative findings because a substantial amount of medical evidence was added to the record after

Dr. Gabriel and Dr. Bixler issued their opinions.  This argument is without merit.  As an initial matter, the ALJ specifically noted that these opinions were supported by a review and summary of the medical evidence available at the time of the opinions (Tr. 27). Considering that the supportability factor deals with the extent to which a medical source has articulated support for the source's own opinion, the logical conclusion is that an opinion can only be supported by evidence that exists at the time the source issues the opinion.  Regardless, the ALJ assessed the persuasiveness of their opinions based on how consistent their findings were with the evidence as a whole, including evidence received after they made their findings (*Id.*).  In support of the consistency finding, the ALJ cited to treatment records from January 2020 (Tr. 757–63), March 2020 (Tr. 780–802), September through December 2020 (Tr. 1025–35), April through June 2021 (Tr. 1155–86), November 2020 through July 2021 (Tr. 1235–68), and November 2021 (Tr. 1368–69). Plaintiff has failed to show error in the evaluation of the state agency consultants' opinions.

Plaintiff also argues that the ALJ did not address evidence from numerous examining and treating physicians, whose opinions she alleges are supported by clinical findings and are consistent with the evidence as a whole.  But Plaintiff fails to cite any actual medical opinions from these physicians, instead generally referencing their treatment notes and other medical evidence (Doc. 10 at 15) (*See* Tr. 543–44, 566–67, 596–602, 619–21, 623–24, 629–31, 780–81, 1037–43, 1051–58, 1062–68, 1073–78, 1080–83,

1134, 1163–67, 1317).  As a result, Plaintiff has failed to establish that there are medical opinions the ALJ failed to evaluate.[5]

### D. Hypothetical

Next, Plaintiff argues that the ALJ erred in relying on a response to an incomplete hypothetical.  The ALJ must pose an accurate hypothetical that accounts for all the claimant's impairments.  *Wind v. Barnhart,* 133 F. App'x 684, 694 (11th Cir. 2005); *Pendley v. Heckler,* 767 F.2d 1561, 1563 (11th Cir. 1985).  Although the ALJ's hypothetical must comprehensively describe a claimant's limitations, it need not include "each and every symptom of the claimant."  *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007).  Instead, the ALJ must include those limitations he or she finds credible.  *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996) (ALJ does not have to include limitations found not credible in hypothetical to the VE and submits to the expert only those supported by objective evidence of record).

Here, the ALJ asked the VE to assume the following hypothetical individual and limitations:

> [A]n individual with the same age, education, and past work experience
> as the claimant. This individual can perform light assertion work

---

[5] In her Reply (Doc. 14), Plaintiff states that the Commissioner's reliance on 20 C.F.R. § 404.1513(a)(2) is misguided because that regulation addresses how evidence from state or federal agency medical consultants are treated and does not address medical opinions from treating physicians.  Plaintiff does not elaborate on or otherwise provide support for this assertion, which is contrary to the plain language of the regulation.  *See* 20 C.F.R. § 404.1513(a)(2) ("A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities . . . .").  Plaintiff's suggestion that the term "medical opinion" is not defined in the regulations, and therefore, her treatment notes qualify as medical opinions, is without merit.

activities as defining [sic] the regulations with the following specific limitations. Life and/or carry 20 pounds occasionally; lift and/or carry 10 pounds frequently; stand and walk 6 hours in an 8-hour work day; sit 6 hours in an 8-hour work day. This individual may never climb ladders, ropes, scaffolds; occasionally climb ramps, stairs, balance, stoop, kneel, crouch and crawl. The individual is only able to frequently hear with the left ear and accordingly, should never perform telephone communications. The individual is able to tolerate no more than moderate levels of noise as define [sic] in Appendix D of the Selected Characteristics of Occupations. The individual must avoid concentrated exposure to extreme cold, wetness, and hazards. This individual will be off task 5% of the day and miss one workday per quarter.

(Tr. 65–66). The VE testified that such an individual could not perform the job of loan processor (Plaintiff's past relevant work) but could work as a labeler (with 36,100 jobs nationally), routing clerk (with 38,100 jobs nationally), and a collator (with 10,700 jobs nationally) (Tr. 66). The ALJ then posed another hypothetical:

Hypothetical #2. Same limitations as Hypothetical #1, but add that the individual may only frequently handle, finger, and fill bilaterally. The individual is able to understand, carry out and remember simple routine and repetitive tasks involving only simple work related decisions with the ability to adapt to routine workplace changes. The individual could tolerate or [sic] occasional interaction with the general public.

(Tr. 67). The VE then testified that such an individual could work as a routing clerk and a collator (Id.). Finally, the VE testified that accepted tolerance for time spent off-task is ten percent and the accepted tolerance for absenteeism is no more than one day per quarter (Tr. 68–69).

Plaintiff argues that the ALJ's hypothetical to the VE was incomplete because the ALJ failed to incorporate appropriate functional limitations from Plaintiff's neck pain, back impairment, and arthritis into her RFC. Essentially, Plaintiff attempts another

16

challenge at the ALJ's RFC determination by alleging that the hypothetical to the VE was incomplete for the same reasons that Plaintiff alleges her RFC is unsupported.  For the reasons explained above, Plaintiff's RFC is supported by substantial evidence.  The ALJ's hypothetical to the VE included all of the limitations from Plaintiff's RFC.  In other words, the ALJ included the limitations he found to be credible.  As a result, the ALJ did not rely on an incomplete hypothetical to the VE.[6]

### E.  Subjective Complaints

Finally, Plaintiff argues that the ALJ erred in assessing her subjective complaints of pain because he did not adequately explain how the evidence was inconsistent with Plaintiff's description of her symptoms.  The Commissioner responds that the ALJ articulated specific and adequate reasons for discounting Plaintiff's subjective complaints, and these reasons are supported by substantial evidence.  The Court agrees.

In determining whether a claimant is disabled, the ALJ must consider all symptoms, including pain, and the extent to which those symptoms are reasonably consistent with the objective medical evidence and other evidence.  20 C.F.R. § 404.1529(a).  Once a claimant establishes that his pain or other subjective symptoms are disabling, "all evidence about the intensity, persistence, and functionally limiting effects

---

[6] In this section, Plaintiff raises various, unrelated arguments in a cursory manner.  For example, Plaintiff again challenges the ALJ's opinion evaluation and states that the ALJ did not explain the basis for his finding that Plaintiff would be off task no more than five percent each workday and absent no more than one day per quarter.  The Court will not consider these arguments.  *See Sappupo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Land v. Comm'r of Soc. Sec.*, 843 F. App'x 153, 155 (11th Cir. 2021) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)).

The Eleventh Circuit has established a three-part "pain standard" for the Commissioner to apply in evaluating a claimant's subjective complaints. The standard requires: (1) evidence of an underlying medical condition; and either (2) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such severity it can reasonably be expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." *Davis v. Astrue*, 287 F. App'x 748, 760 (11th Cir. 2008) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)). If an ALJ rejects a claimant's subjective testimony, she must articulate explicit and adequate reasons for this decision. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

Social Security Ruling 16-3p cautions that "subjective symptom evaluation is not an examination of an individual's character." *Id.* Adjudicators, as the regulations dictate, are to consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence

and other evidence in the record. *Id.* The regulations define "objective evidence" to include medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. § 404.1529. "Other evidence," again as the regulations define, includes evidence from medical sources, medical history, and statements about treatment the claimant has received. *See* 20 C.F.R. § 404.1513. Subjective complaint evaluations are the province of the ALJ. *Mitchell v. Comm'r of Soc. Sec.,* 771 F.3d 780, 782 (11th Cir. 2014).

Here, Plaintiff testified that she experiences persistent neck pain that radiates into her shoulders and down her arms (Tr. 48). She testified that she has constant pain in her hands and that the joints of her fingers lock up due to her arthritis (Tr. 54). She also has pain in upper and lower lumbar spine that radiates into her hips (Tr. 50). In terms of daily activities, Plaintiff testified that she has difficulty attending to her personal hygiene, uses a shower chair, and has grab bars to help her in and out of the shower (Tr. 54–60). She has difficulty opening jars and chopping food, and can only do light household chores (Tr.57–59). She also stated that she lies down throughout the day and rests for thirty to sixty minutes due to pain (Tr. 62–63).

The ALJ relied on boilerplate language in assessing Plaintiff's subjective complaints:

> After careful consideration of the evidence, I find the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 23–24). This language directly addresses the Eleventh Circuit's standard and is not improper *if* supported by substantial evidence. *See Danan v. Colvin*, No. 8:12-cv-7-T-27TGW, 2013 WL 1694856, at * 3 (M.D. Fla. Mar. 15, 2013), *report and recommendation adopted*, 2013 WL 1694841 (Apr. 18, 2013). Here, the Court finds it is. In evaluating Plaintiff's subjective complaints, the ALJ explained that while Plaintiff continued to report pain and weakness in her upper extremities after surgery, she denied numbness and tingling (Tr. 24). While Plaintiff had diminished range of motion in her cervical and lumbar spine, there was no evidence of decreased strength or gait impairment (*Id.*). Finally, while Plaintiff complained of stiffness in her fingers, examinations revealed no evidence of diminished grip strength or range of motion (*Id.*). Considering this, the ALJ found Plaintiff had the RFC to perform light work with additional postural and environmental limitations (Tr. 27–28). Thus, the ALJ articulated explicit and adequate reasons for rejecting Plaintiff's subjective complaints, and these reasons are supported by substantial evidence. *See Dyer*, 395 F.3d at 1210. To the extent Plaintiff asks the Court to re-weigh the evidence or substitute its opinion for that of the ALJ, it cannot.

## V.    Conclusion

Accordingly, for the foregoing reasons, it is hereby

RECOMMENDED:

1. The decision of the Commissioner be affirmed.

2. The Clerk be directed to enter final judgment for the Commissioner and close the case.

IT IS SO REPORTED in Tampa, Florida, on January 30, 2024.


_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE


## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.