## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANNETTE G. SCHOFIELD,

      Plaintiff,

v.                                Case No: 8:22-cv-2384-CEH-SPF

MARTIN O'MALLEY,
Commissioner of Social Security,[1]

      Defendant.

_____/

## ORDER

      This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Sean P. Flynn (Doc. 15) and Plaintiff's Objections (Doc. 18) thereto.[2] Magistrate Judge Flynn recommends that the Court affirm the decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's claim for a period of disability and disability insurance benefits ("DIB"). Plaintiff asserts five objections to the findings of the administrative law judge ("ALJ") and the R&R of the Magistrate Judge.

      Having considered the R&R, the Objections, and the underlying record, and being fully advised in the premises, the Court will overrule the Objections, adopt the

---

[1] On December 20, 2023, Martin O'Malley was sworn in as the Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), he is substituted for Acting Commissioner Kilolo Kijakazi as the defendant in this suit.

[2] The Commissioner did not file a response, but Plaintiff's Objections primarily track the arguments raised in her brief (Doc. 10), to which the Commissioner did respond (Doc. 13).

Magistrate Judge's R&R, and affirm the Commissioner's decision denying Plaintiff's claim for a period of disability and DIB.

## I.   BACKGROUND

### A.   Administrative Proceedings

On December 11, 2019, Plaintiff applied for a period of disability and DIB, alleging disability as of August 27, 2019,[3] due to spinal neck issues, left hearing loss/tinnitus, arthritis, severe allergies, recurring headaches, anxiety, depression, PTSD, sleep apnea, and heart arrythmia. Tr. 72-73, 272. Plaintiff's claim was denied initially and on reconsideration. *Id.* at 113-23. Plaintiff requested a hearing before an ALJ. On December 6, 2021, ALJ Gonzalo Vallecillo held a hearing at which Plaintiff and Loren Lovely, a vocational expert ("VE"), testified. *Id.* at 39-71. Plaintiff was represented at the hearing by her current counsel.

On January 10, 2022, the ALJ issued an unfavorable decision finding Plaintiff not disabled. Tr. 17-30. The ALJ found that Plaintiff had not engaged in substantial gainful activity since August 27, 2019; that Plaintiff had severe impairments of back disorder, inflammatory arthritis, left hearing loss/tinnitus, and depressive/bipolar disorder; and that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. *Id.* at 19-20. After considering the entire record, the ALJ found that despite her impairments, Plaintiff

---

[3] Plaintiff initially alleged a disability onset date of October 1, 2015. Tr. 72, 272. Prior to the administrative hearing, Plaintiff amended her onset date to August 27, 2019. *Id.* at 315. Plaintiff was forty-seven years old at the time of her amended onset date. Tr. 28.

retained the residual functional capacity ("RFC") to perform a limited range of light exertional work:

> [Plaintiff] is able to lift and/or carry 20 pounds occasionally and 10 pounds frequently. She is able to stand and/or walk six hours in an eight-hour workday and sit six hours in an eight-hour workday. She is able to occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl but never climb ladders, ropes, or scaffolds. She is able to frequently handle, finger and feel bilaterally. She is able to frequently hear with the left ear and accordingly she should never perform telephone communications. She is able to tolerate no more than moderate levels of noise . . .[.] She must avoid concentrated exposure to extreme cold, wetness, and hazards. She is able to understand, carry out, and remember simple, routine, and repetitive tasks involving only simple, work-related decisions with the ability to adapt to routine workplace changes. She is able to tolerate occasional interaction with the general public. She will be off-task five percent of the day and miss one workday per quarter.

Tr. 22. In conjunction with assessing Plaintiff's RFC, the ALJ considered Plaintiff's alleged subjective symptoms from her impairments. The ALJ found that although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical and other evidence. *Id.* at 23-24, 27. Based on the RFC assessment and testimony from the VE, the ALJ found that Plaintiff was unable to perform her past relevant work as a loan processor. *Id.* at 28. However, considering Plaintiff's age, education, RFC, and VE testimony, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform, namely, that of a routing clerk and collator. *Id.* at 28-29. Accordingly, the ALJ concluded that Plaintiff

was not disabled from the amended onset date of August 27, 2019, through the date of his decision, January 10, 2022. *Id.* at 30.

Plaintiff timely requested review of the ALJ's decision. On August 19, 2022, the Appeals Council denied Plaintiff's request for review. Tr. 1-5. On October 17, 2022, Plaintiff initiated this action seeking judicial review of the ALJ's decision. Doc. 1.

**B.     Arguments on Appeal**

In her memorandum in opposition to the Commissioner's decision, Plaintiff raised five main arguments that pertain solely to her cervical and lumbar DDD and inflammatory arthritis.[4]

First, Plaintiff argued that although the ALJ acknowledged that Plaintiff complained of chronic neck pain with radicular symptoms due to cervical degenerative disc disease ("DDD"), the ALJ erred at step two of the sequential evaluation process by failing to state whether her neck pain and cervical degenerative disc disease ("DDD") were severe or non-severe impairments. Citing *Schink v. Commissioner of Social Security*, 935 F.3d 1245 (11th Cir. 2019), Plaintiff argued that the error was not harmless given the substantial medical evidence supporting the impairments and the ALJ's failure to consider the impairments at subsequent steps of the sequential evaluation process. Doc. 10 at 2-6.

Second, Plaintiff argued that the ALJ erred by failing to include any functional limitations from her cervical DDD, inflammatory arthritis, or the combined effect of

---

[4] The Court addresses each argument herein because the arguments track and/or relate to Plaintiff's Objections.

her impairments—particularly the effect of chronic neck pain with radiation into the shoulders, arms, and hands—in his RFC assessment. In support, Plaintiff recounted the "extensive objective evidence" of the impairments, including treatment and medical records documenting diagnoses, findings on examination, findings on diagnostic imaging, and her subjective complaints of pain. Doc. 10 at 7-14.

Third, Plaintiff argued that the ALJ erred in evaluating the medical opinion evidence by failing to comply with the revised regulations on opinion evidence. Specifically, Plaintiff claimed that the ALJ should not have found the opinions of the state agency consultants[5] persuasive because a substantial amount of medical evidence was added to the record after they rendered their opinions,[6] and the ALJ failed to address evidence from several of her treating and examining doctors, whose opinions she alleged were supported by clinical findings and diagnostic studies and consistent with the record as a whole.[7] Doc. 10 at 14-16.

Fourth, Plaintiff argued that the ALJ erred by relying on the VE's response to an incomplete hypothetical question. As grounds, Plaintiff summarily asserted, or reasserted, challenges to the ALJ's RFC determination and consideration of medical opinions: (1) the ALJ failed to include in the RFC any limitations related to her

[5] The Commissioner's revised regulations refer to the opinions of state agency consultants as "prior administrative medical findings." *See* 20 C.F.R. § 404.1513(a)(5).

[6] The state agency consultants, Dr. John Gabriel and Dr. Thomas Bixler, rendered their opinions in April and September 2020, respectively. Tr. 81-84, 103-07.

[7] Plaintiff identified Dr. Eaton Yen, Dr. Steven Scott, Dr. Jacob Kochany, Dr. Christopher Schrock, Dr. Jose Sarria, Dr. Gene Balis, Dr. Mark Greenberg, Dr. Rohit Vasan, Dr. Jeffrey Miller, and Dr. Vedashree Panthulu. Doc. 10 at 15.

cervical DDD and inflammatory arthritis, specifically any related to her ability to move her head and use her hands; (2) the ALJ ignored a medical opinion from Dr. Partiksha Bhaleeya, a primary care provider, stating that Plaintiff needed a sit/stand option;[8] (3) the ALJ's finding that Plaintiff could frequently handle, finger, and feel bilaterally was inconsistent with the medical evidence; and (4) the ALJ did not adequately explain the evidence in support of his finding that Plaintiff would be off task no more than five percent of the day and absent no more than one day a quarter. Doc. 10 at 16-20.

Fifth, Plaintiff argued that the ALJ erred by failing to properly assess her subjective allegations. She claimed that the ALJ ignored "that pain is inherently subjective and may be established by a claimant's own testimony," failed to adequately explain how the intensity and persistence of her subjective allegations were inconsistent or not entirely supported by the medical and other evidence, and cherry-picked evidence that supported his conclusion while ignoring evidence to the contrary. Doc. 10 at 21-25.

The Commissioner countered each argument. First, the Commissioner argued that the ALJ did not error at step two because the ALJ found that Plaintiff had severe impairments and proceeded to the next step, and that is all that he was required to do. The Commissioner argued that even had the ALJ erred as alleged, the error would

---

[8] Dr. Bhaleeya's statements are set forth in a form titled "Certification of Health Care Provider for Reasonable Accommodation" that she completed at the request of Plaintiff's employer on August 7, 2018. Tr. 513. Dr. Bhaleeya stated that Plaintiff needed a "standing/sitting desk due to back pain," and that the need for the accommodation began in July 2018 and had an estimated end date of "at least July 2023 or more." *Id.*

have been harmless because Plaintiff failed to demonstrate that her cervical DDD resulted in limitations beyond those assessed by the ALJ. Doc. 13 at 4-9.

Second, the Commissioner argued that substantial evidence supports the ALJ's finding that Plaintiff retained the RFC to perform light work with certain limitations. In support, he asserted that the ALJ properly considered the entire record, assessed an RFC that accounted for Plaintiff's limitations, and explained his reasons for his RFC assessment. The Commissioner noted that while Plaintiff addressed medical evidence related to her cervical DDD and hands/arms, she failed to specify what additional limitations the ALJ should have included in his RFC to account for those impairments. As a result, the Commissioner claimed that Plaintiff essentially sought to have the Court impermissibly reweigh the evidence. Doc. 13 at 9-12.

Third, the Commissioner argued that substantial evidence supports the ALJ's finding that the opinions of the state agency consultants were persuasive. The Commissioner claimed that the ALJ properly evaluated the opinions, assessed the persuasiveness of the opinions in accordance with the regulatory standard, found the opinions persuasive because they were generally supported by the medical record that was available when they were rendered, and assessed the persuasiveness of the opinions based on how supported and consistent they were with the evidence as a whole. Citing the regulatory definition of medical opinion, 20 C.F.R. § 404.1513(a)(2), the Commissioner further argued that Plaintiff's treating and examining doctors did not provide any medical opinions the ALJ needed to evaluate. Rather, the Commissioner claimed that Plaintiff cited records from treating and examining

doctors, none of which are considered "medical opinions" under the regulations. Doc. 13 at 12-18.

Fourth, the Commissioner argued that the ALJ included all RFC limitations in the hypothetical question posed to the VE, and, thus, the ALJ properly relied on the VE's testimony to find that Plaintiff could perform other work. As for Plaintiff's argument regarding Dr. Bhaleeya, the Commissioner argued that Plaintiff failed to show how the use of a standing desk would affect her ability to perform the jobs identified by the VE, and that any error in failing to include a sit/stand option in the RFC and hypothetical question would be harmless because the VE testified that work still could be done within that restriction. Doc. 13 at 18-21.

Fifth, the Commissioner argued that substantial evidence supports the ALJ's finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her alleged symptoms were not entirely consistent with the medical and other evidence, and the ALJ articulated adequate reasons for his finding. He also noted that, contrary to Plaintiff's assertion, the Social Security Act, 42 U.S.C. § 423(d)(5)(A), states that "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability . . .." Doc. 13 at 21-26.

Plaintiff raised four arguments in reply. First, Plaintiff argued that substantial evidence does not support the ALJ's RFC assessment because the ALJ failed to discuss all medical opinions and cherry-picked evidence to support his assessment. Second, Plaintiff argued that the ALJ erred by not complying with the regulatory standard on medical opinions. She claimed that the regulations do not define the term "medical

opinion" with respect to treating doctors, and the regulation cited by the Commissioner for the definition of that term, 20 C.F.R. § 404.1513(a)(2), only addresses how evidence from state or federal agency medical consultants are treated.

Plaintiff also claimed that pursuant to *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1179 (11th Cir. 2011), treatment notes that include a doctor's statements about a claimant's symptoms and diagnoses are considered "medical opinions." Plaintiff claimed that because her doctors' treatment notes include that information, her doctors provided medical opinions the ALJ was required to address and the ALJ erred by failing to do so. She also faulted the ALJ's consideration of the other medical opinions addressed in the decision, those of Tina Westbrook, N.P. ("NP Westbrook")[9] and Tanya Moore, P.A. ("PA Moore").[10] Plaintiff claimed the ALJ ignored NP Westbrook's statement that Plaintiff could not return to work because

---

[9] On November 25, 2019, three months after Plaintiff underwent an anterior cervical discectomy and fusion, NP Westbrook completed a form from Cigna Group Insurance in connection with Plaintiff's disability claim. NP Westbrook opined that Plaintiff could not lift, push, or pull more than twenty-five pounds; that Plaintiff could not lift overhead; and that, pending imaging and an EMG, Plaintiff could not return to work because typing aggravated her symptoms of radiculopathy. Tr. 526.

[10] On February 27, 2020, PA Moore examined Plaintiff and completed a "Back (Thoracolumbar Spine) Conditions Disability Benefits Questionnaire" in connection with Plaintiff's claim for VA disability benefits. Tr. 863-68. PA Moore opined that Plaintiff "most likely would function well in predominantly sedentary roles" due to her lumbar radiculopathy. *Id*. at 868. She reported that Plaintiff had limited range of motion of the spine and pain on weight bearing, that functional loss in Plaintiff's thoracolumbar spine was due to pain and not reduced range of motion, and that Plaintiff's pain, weakness, fatigability, or incoordination did not significantly limit her functional ability with repeated use over a period of time. *Id*. at 863-64.

typing aggravated her symptoms of radiculopathy, and he found PA Moore's opinion unpersuasive by ignoring her findings on examination.

Third, Plaintiff argued that the hypothetical question failed to include all impairments because the ALJ failed to address "the effect of swelling of the MCP and PIP joints of the hands, locking of the fingers, and the need to wear medically prescribed therapeutic gloves on the flexibility and functional capacity of Plaintiff's hands in performing work activity." Fourth, Plaintiff argued that the ALJ failed to identify the evidence that was inconsistent with her symptoms or discuss the evidence that supports her symptoms, namely, certain physical findings of swelling, muscle spasms, and restricted range of motion, and the findings on an MRI of her cervical spine. (Doc. 14).

### C.    The Magistrate Judge's R&R

The Magistrate Judge rejected Plaintiff's first argument, finding that the ALJ did not error at step two because he found Plaintiff had other severe impairments at that step. The Magistrate Judge also found that any error at that step would be harmless because the ALJ proceeded to step three and considered Plaintiff's cervical DDD at the remaining steps of the sequential evaluation process. Doc. 15 at 6-7.

The Magistrate Judge rejected Plaintiff's second argument, finding that the ALJ considered all of Plaintiff's impairments in assessing her RFC, thoroughly addressed the effects of her cervical DDD and inflammatory arthritis, and set forth the medical evidence that supported his assessment. The Magistrate Judge noted that while Plaintiff appeared to argue that a diagnosis requires certain limitations to be included

10

in the RFC, the existence of an impairment does not reveal the extent to which that impairment impacts a claimant's ability to work. In other words, the Magistrate Judge found that Plaintiff was attempting to argue that the ALJ's RFC determination was unsupported because there was record evidence that supported a more restrictive RFC. The Magistrate Judge rejected the argument, finding that the Court is precluded from reweighing the evidence. Doc. 15 at 7-9.

The Magistrate Judge rejected Plaintiff's third argument, finding that the ALJ applied the correct regulatory standard in addressing medical opinion evidence, explained his reasons for finding that the opinions of the medical consultants and NP Westbrook were persuasive, and was not required to address the persuasiveness of the records from Plaintiff's treating and examining doctors because their records did not contain medical opinions. As for Plaintiff's contention that the term "medical opinion" as defined in 20 C.F.R. § 404.1513(a)(2) did not apply to treating physicians, the Magistrate Judge found the contention was without merit and contrary to the plain language of the regulation. As such, the Magistrate Judge rejected Plaintiff's arguments that treatment notes constitute medical opinions and that the ALJ erred by failing to consider the persuasiveness of the treating and examining doctors' opinions. Doc. 15 at 9-15.

The Magistrate Judge rejected Plaintiff's fourth argument, finding that the ALJ posed a complete hypothetical question to the VE because he included all credible and supported RFC limitations in the hypothetical question. As such, the Magistrate Judge found that the ALJ did not error in relying on the VE's response to the hypothetical

question because the hypothetical question was complete. The Magistrate Judge further found that Plaintiff's arguments were another attempt to challenge the ALJ's RFC determination, and that Plaintiff waived various other unrelated arguments she raised within this section by raising them in a cursory manner. Doc. 15 at 15-17.

The Magistrate Judge rejected Plaintiff's fifth argument, finding that although the ALJ relied on boilerplate language in assessing Plaintiff's subjective complaints, it was not improper because the language addressed the Eleventh Circuit's standard and an assessment of Plaintiff's subjective allegations was supported by substantial evidence. Specifically, the Magistrate Judge found that the ALJ articulated explicit and adequate reasons for discounting Plaintiff's subjective complaints and those reasons were supported by substantial evidence. To the extent Plaintiff's argument was construed as asking the Court to reweigh the evidence, the Magistrate Judge found that the Court was precluded from doing so. Doc. 15 at 17-20.

## II.    Legal Standards

### A.    Review of a Report and Recommendation

Under the Federal Magistrates Act, Congress vests Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). The Act further vests magistrate judges with authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. 28 U.S.C. § 636(b)(1)(B). When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection is made."[11] 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Jeffrey S. v. State Bd. of Ed. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). With regard to those portions of the report and recommendation not objected to, the district judge is bound to defer to the factual determinations of the magistrate judge unless those findings are clearly erroneous. *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). Legal conclusions must be reviewed *de novo*. *Id*. After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify in whole or in part, the report and recommendation of the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982).

## B.    Review of the Commissioner's Decision

The Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's

---

[11] An objection must specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. *See United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009) ("[A] party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with."); *McCullars v. Comm'r, Soc. Sec. Admin.*, 825 F. App'x 685, 694 (11th Cir. 2020) (citing. *Schultz*, 565 F.3d at 1360). "Objections that . . . simply rehash or reiterate the original briefs to the magistrate judge are not entitled to *de novo* review." *Fibertex Corp. v. New Concepts Distribs. Int'l, LLC*, No. 20-20720-Civ-Scola, 2021 WL 302645, at *2 (S.D. Fla. Jan. 29, 2021). "These kinds of objections are instead reviewed for clear error." *Id.* (citing *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006)).

findings of fact are supported by substantial evidence.[12] *Walker v. Soc. Sec. Admin., Comm'r*, 987 F.3d 1333, 1338 (11th Cir. 2021); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). This limited review precludes the Court from deciding the facts anew, making credibility determinations, re-weighing the evidence, or substituting its judgment for that of the ALJ. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Court must affirm the Commissioner's decision if it is supported by substantial evidence, even if the evidence preponderates against the decision. *Crawford,* 363 F.3d at 1158-59.

## C.    The Commissioner's Five-Step Disability Analysis

The Commissioner's regulations prescribe a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). Under this process, the ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment or combination of impairments; (3) has a severe impairment or combination of impairments that meets or equals the medical criteria of a listed impairment; (4) has the RFC to perform in her past relevant work; and (5) can perform other jobs in the national economy given her

---

[12] Where, as here, an ALJ denies benefits and the Appeals Council denies review, the Court reviews the ALJ's decision as the Commissioner's final decision. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

RFC, age, education, and work experience if she is unable to perform her past relevant work. *Id*. The claimant has the burden of proof at the first four steps. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1278 (11th Cir. 2020) (citations omitted). At step five, the burden temporarily shifts to the Commissioner "to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (citation omitted). If the Commissioner makes this showing, the claimant then must prove that she is unable to perform the jobs identified by the Commissioner. *Id.* (quotation and citation omitted).

## III.   DISCUSSION

Plaintiff purports to raise five objections to the Magistrate Judge's R&R, each of which primarily rehashes the arguments raised in her initial brief and reply. The Court has conducted a full and *de novo* review of the record and those portions of the Magistrate Judge's R&R to which objections were made, even though certain objections may not be entitled to a *de novo* review. For the reasons explained below, the Court finds that the ALJ's decision comports with applicable legal standards and is supported by substantial evidence. Accordingly, the Court will overrule the Objections, adopt the R&R, and affirm the ALJ's decision. Plaintiff's objections are addressed in turn.

### A.     The ALJ Did Not Error at Step Two

Plaintiff's first objection is the same as her first argument. She adds, however, that the Magistrate Judge's application of *Schink* "is not entirely on the mark" because the ALJ did not consider her symptoms and limitations from cervical DDD when assessing her RFC and, thus, the ALJ's failure to state whether her cervical DDD was a severe or non-severe impairment at step two is not harmless error. Doc. 18 at 2-8.

Plaintiff's objection is overruled. First, the record reflects that the ALJ found that Plaintiff's cervical DDD was a severe impairment. Not only does a common sense reading of the pleadings and record evidence support that the ALJ found the impairment to be severe, but it also plainly reflects that cervical DDD was Plaintiff's primary impairment. The state agency consultants, Drs. Gabriel and Bixler, reported Plaintiff's primary severe impairment as "Spine Disorders." Tr. 78, 99. Thereafter, the Social Security Administration's disability determinations on initial and reconsidered review, which were based on the reports of Drs. Gabriel and Bixler, refer to Plaintiff's primary diagnosis as "Back Disorder (Disc/Degenerative)." Tr. 89, 111. Read together, these records demonstrate that the ALJ's finding of a severe "back disorder" encompassed Plaintiff's lumbar and cervical DDD. Tr. 19. Thus, the Court finds no merit in Plaintiff's argument that the ALJ failed to state whether her cervical DDD was a severe or non-severe impairment.

Second, the Court agrees with the Magistrate Judge's finding that even if the ALJ failed to articulate the severity of Plaintiff's cervical DDD at step two—which he did not—the error would be harmless because the ALJ identified other severe

16

impairments and proceeded to step three. *See Hearn v. Comm'r, Soc. Sec. Admin.*, 619 F. App'x 892, 895 (11th Cir. 2015) [13] ("the finding of any severe impairment, whether or not it results from a single severe impairment or a combination of impairments that together qualify as 'severe,' is enough to satisfy step two."); *Heatley v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-25 (11th Cir. 2010) ("Even if the ALJ erred in not indicating whether chronic pain syndrome was a severe impairment, the error was harmless because the ALJ concluded that [claimant] had a severe impairment, and that finding is all that step two requires."). Moreover, the error also would be harmless because the ALJ considered Plaintiff's cervical DDD when assessing her RFC. *See Schink*, 935 F.3d at 1268 (recognizing that a step-two error would be harmless if the impairment was considered in assessing the claimant's RFC). For this reason, the Court also rejects Plaintiff's contention that the Magistrate Judge misapplied *Schink*. Contrary to Plaintiff's assertion, this case is not analogous to *Schink.* Here, the ALJ considered Plaintiff's cervical DDD when assessing her RFC and found that it, whether alone or in combination with her lumbar DDD and inflammatory arthritis, limited her ability to lift and carry and to handle, finger, and feel bilaterally. Tr. 22-25. However, in *Schink*, the ALJ completely omitted the claimant's mental impairment when assessing his RFC. *See Schink*, 935 F.3d at 1264, 1268. This distinction renders Plaintiff's contention meritless.

---

[13] Although unpublished opinions are not considered binding precedent, they may be cited as persuasive authority. 11th Cir. R. 36-2; *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1215 n.6 (11th Cir. 2019) (citations omitted).

**B.** **The ALJ did not Error in Assessing Plaintiff's RFC**

Plaintiff's second objection is the same as her second argument. She adds that the ALJ determined her RFC by focusing impermissibly on records showing only minor findings and symptoms and disregarding evidence to the contrary. By finding that the ALJ's RFC is supported by substantial evidence, Plaintiff contends that the Magistrate Judge ignored medical records that did not support his conclusion. In support, Plaintiff recites clinical findings from her treating doctors, which she contends "are not mere diagnoses but evidence of symptoms and limitations" from her cervical DDD and inflammatory arthritis. Doc. 18 at 8-13.

Plaintiff's objection is overruled. As noted above, the ALJ considered Plaintiff's cervical DDD and inflammatory arthritis when assessing her RFC and found that the impairments restricted Plaintiff's ability to lift and carry to twenty pounds occasionally and ten pounds frequently and limited her to only frequent (from 1/3 to 2/3 of the workday) handling, fingering, and feeling bilaterally. Tr. 22-25. A review of the record refutes Plaintiff's assertion that the ALJ cherry-picked the evidence in assessing her RFC because the ALJ also noted the findings on an MRI of Plaintiff's cervical spine and the complaints of disabling symptoms that she reported to her doctors. As for Plaintiff's contention that the clinical findings of her doctors are evidence of limitations, the regulations dictate otherwise. *See* 20 C.F.R. § 404.1513(a)(3) (defining "other medical evidence" as "*evidence from a medical source that is not objective medical evidence or a medical opinion, including* judgments about the nature and severity of your impairments, your medical history, *clinical findings*, *diagnosis*, treatment prescribed with

response, or prognosis.") (emphasis added). Finally, Plaintiff's contention that the Magistrate Judge also ignored medical records that were inconsistent with his conclusions is unpersuasive. As the Magistrate Judge aptly noted when citing *Moore*, 405 F.3d at 1213, to the extent Plaintiff argued that the ALJ's RFC assessment was unsupported because there was evidence in the record that could support a more restrictive RFC, that was outside of the Court's scope of review (Tr. 15 at 18). *See* Moore, 405 F.3d at 1213 (providing that the issue on review is not whether some evidence supports the claim of disability but whether substantial evidence supports the administrative decision).

### C.    The ALJ did not Error in Considering Medical Opinions[14]

Plaintiff's third objection is the same as her third argument. Plaintiff takes issue with the Magistrate Judge's finding that although the medical consultants rendered their opinions without consideration of the entire record, the ALJ's RFC assessment is nonetheless supported by substantial evidence because the ALJ evaluated their opinions based on the consistency with the record as a whole. In support, Plaintiff reiterates that the ALJ failed to consider the persuasiveness of the opinions from her treating and examining doctors, ignored NP Westbrook's opinion that Plaintiff could not return to work because typing aggravates her radicular symptoms, and improperly

---

[14] The Commissioner's revised regulations, including those regarding the evaluation of medical evidence, apply in this action because Plaintiff filed her claim for a period of disability and DIB on December 11, 2019. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017) (revised regulations apply to all claims filed after March 27, 2017). The parties agree that the revised regulations apply in this case.

discounted PA Moore's opinion that Plaintiff was limited to sedentary work by cherry picking the evidence. Additionally, Plaintiff argues that the Magistrate Judge failed to address the issue of whether treatment notes and objective findings constitute "medical opinions" under the regulations and governing case law. Doc. 18 at 13-18.

Before addressing Plaintiff's objection, an overview of the Commissioner's relevant, revised regulations proves useful. The regulations identify five categories of evidence: (1) objective medical evidence; (2) medical opinion evidence; (3) other medical evidence; (4) evidence from nonmedical sources; and (5) prior administrative findings. 20 C.F.R. § 404.1513(a). "Objective medical evidence" is defined "as medical signs, laboratory findings, or both." *Id.* at § 404.1513(a)(1). A "medical opinion" is defined as:

> [A] statement from a medical source about what [a claimant] can still do despite [her] impairment(s) and whether [she has] one or more impairment-related limitations or restrictions in the following abilities:
>
>> (i) [The] ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);
>>
>> (ii) [The] ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting;
>>
>> (iii) [The] ability to perform other demands of work, such as seeing, hearing, or using other senses; and
>>
>> (iv) [The] ability to adapt to environmental conditions, such as temperature extremes or fumes.

*Id.* at § 404.1513(a)(2); *see also Planas ex rel. A.P. v. Comm'r of Soc. Sec.*, 842 F. App'x 495, 497 n.1 (11th Cir. 2021).[15] "Other medical evidence" is defined as "evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of [a claimant's] impairments, [her] medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. § 404.1513(a)(3). A "prior administrative medical finding" is defined as a finding, other than the ultimate determination about whether [a claimant is] disabled, about a medical issue made by . . . State agency medical . . . consultants at a prior level of review . . . in [a claimant's] current claim based on their review of the evidence in [her] case record," including the severity of a claimant's impairments and a claimant's RFC. *Id.* at § 404.1513(a)(5)(i), (iv).

Under these regulations, an ALJ must not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)," including the opinion of a treating physician. 20 C.F.R. § 404.1520c(a); *see Harner v. Soc. Sec. Admin.*, 38 F.4th 892, 896 (11th Cir. 2022). Rather, an ALJ must consider the persuasiveness of medical opinions based on certain factors. 20 C.F.R. § 404.1520c(a); *Glover v. Soc. Sec. Admin.*, No. 22-10497, 2022 WL 17826364, at *3 (11th Cir. Dec. 21, 2022). These factors are: (1) supportability; (2) consistency; (3) the relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, and

---

[15] Although unpublished opinions are not considered binding precedent, they may be cited as persuasive authority. 11th Cir. R. 36-2; *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1215 n.6 (11th Cir. 2019) (citations omitted).

the purpose and extent of the treatment relationship; (4) specialization; and (5) other factors, including evidence showing that the medical source has familiarity with other evidence or an understanding of the SSA's policies and evidentiary requirements. 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors that are considered in determining the persuasiveness of a medical opinion. *Id*. at § 404.1530c(b)(2).

In reviewing the supportability of medical opinions, an ALJ must consider the relevance and supporting explanations of a medical source's evidence. *See* 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinion(s) . . . will be."). In reviewing the consistency of medical opinions, an ALJ must compare the evidence offered and the entirety of the claimant's medical record. *See* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion . . . is with the evidence from other medical sources and nonmedical sources . . . the more persuasive the medical opinion . . . will be."). While supportability and consistency must be addressed in an ALJ's decision, review of the other factors is discretionary. *Id*. at § 404.1520c(b)(2). 20 C.F.R.

Against this regulatory backdrop, Plaintiff's objection is overruled. First, the ALJ recognized that the state agency consultants did not have the benefit of reviewing the entire record. Tr. 27. However, the ALJ found the state agency consultants' opinions persuasive because they were generally supported by a review of medical evidence available at the time they were rendered, and they were consistent with

findings on examination set forth in various treatment notes, including those submitted after their review of the evidence. *See* Tr. 27 (ALJ citing exhibits in support that are dated as late as November 16, 2021). These findings are consistent with the regulatory requirements set forth above. *See* 20 C.F.R. § 404.1520c(c).

Second, Plaintiff's arguments in opposition to the ALJ's findings regarding the medical opinions of Drs. Gabriel and Bixler are not persuasive. The ALJ was not required to address the persuasiveness of the treatment notes from Plaintiff's treating doctors because their treatment notes do not constitute medical opinions under the regulations. *See* 20 C.F.R. § 404.1513(a)(2) (defining medical opinion). Rather, the notes from Plaintiff's treating (and examining) doctors contain diagnoses and findings on examination, which, according to the regulations, constitute "other medical evidence." *See id*. at § 404.1513(a)(3). Stated differently, treatment and examination notes containing diagnoses and clinical findings do not constitute medical opinions under the regulations. *Compare* 20 C.F.R.§ 404.1513(a)(2) *with* 20 C.F.R. § 404.1513(a)(3).

Plaintiff's reliance on *Winschel v. Commissioner of Social Security,* 631 F.3d 1176 (11th Cir. 2011), does not compel a different conclusion. In *Winschel*, the Eleventh Circuit rejected the Commissioner's argument that a physician's treatment notes did not constitute a "medical opinion" the ALJ was required to consider because the treatment notes fell within the regulatory definition of medical opinions.[16] 631 F.3d at

---

[16] At that time, the regulations defined medical opinions as "statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's]

1179. However, *Winschel* was decided in 2011, well before the March 27, 2017, effective date of the revised regulations. Because Plaintiff's claim for a period of disability and DIB is governed by the revised regulations, the ruling in *Winschel* is inapplicable, as it relied on the prior regulatory definition of medical opinions. Plaintiff's argument that the ALJ ignored NP Westbrook's opinion that Plaintiff could not return to work because typing aggravated her radicular symptoms is also unpersuasive. *See* 20 C.F.R. § 404.1520b(c) (a statement that a claimant cannot work is "inherently neither valuable or persuasive," and an ALJ is not required to provide any analysis about how he considered the evidence in his decision). As for Plaintiff's argument regarding PA Moore, the decision reflects that the ALJ accurately recounted her opinion, including her findings on examination contained within the same opinion, and there is no indication that the ALJ discounted her opinion by ignoring other contrary evidence.

Third, the Magistrate Judge did not fail to address whether treatment notes and objective findings constitute medical opinions. Rather, the Magistrate Judge found that Plaintiff failed "to cite any actual medical opinions" from her treating physicians, "instead generally referencing their treatment notes and other medical evidence." Doc. 15 at 14. The Magistrate Judge further found that "Plaintiff's suggestion that the term 'medical opinion' is not defined in the regulations, and therefore, her treatment notes qualify as medical opinions, is without merit." *Id*. at 15 n.5. Moreover, because the

---

impairment(s), including [her] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1).

ALJ's consideration of the persuasiveness of the medical consultants' opinions comports with the regulatory standard, Plaintiff's arguments to the contrary are unavailing, Plaintiff fails to demonstrate error with respect to the Magistrate Judge's analysis on this issue.

### D. The ALJ did not Error in Relying on the VE's Response to an Incomplete Hypothetical Question

Plaintiff's fourth objection is the same as her fourth argument. Plaintiff reiterates that the ALJ failed to account for symptoms and limitations from her back disorder/spine impairments (*i.e.*, her cervical *and* lumbar DDD) in his RFC assessment and hypothetical question because he did not include a sit/stand option in either. Likewise, she reiterates that the ALJ also failed to account for symptoms and limitations from her inflammatory arthritis in his RFC assessment and hypothetical question. Doc. 18 at 18-19.

Plaintiff's objection is overruled. First, Plaintiff's argument that the ALJ failed to include in the RFC (or hypothetical question) any limitations related to her cervical DDD and inflammatory arthritis, specifically any pertaining to her ability to move her head and use her hands, is unpersuasive. As noted above, the ALJ included a limitation related to use of the hands in the RFC and hypothetical question. As for a limitation regarding the effect of wearing prescribed therapeutic gloves, Plaintiff testified at the hearing that she uses them two to three times a week and that they are tedious to use. Tr. 54-55. Neither Plaintiff nor her physician stated how often and for how long the gloves were to be worn. Consequently, any limitation related to wearing

the gloves would have been speculative at best, and Plaintiff failed to meet her burden of demonstrating otherwise. To the extent Plaintiff contends the frequent bilateral hand use limitation was inconsistent with the evidence, no doctors provided medical opinions expressing a greater degree of limitation, and the findings on examination to which Plaintiff cites in support do not equate to functional limitations or undermine the ALJ's restriction. As for limitations related to moving the head, Plaintiff does not point to any medical opinion limiting her functional capacity to perform work-related activities due to reduced range in motion in the cervical spine. While Plaintiff also alleges that the ALJ did not adequately explain the evidence in support of his finding that Plaintiff would be off task no more than five percent of the day and absent no more than one day a quarter, the limitation arguably stems from Plaintiff's allegations of pain and Plaintiff cites no evidence to the contrary. Finally, the ALJ was not required to include Plaintiff's subjective complaints or other unsupported limitations in the hypothetical question to the VE. *See Crawford.*, 363 F.3d at 1161 (An ALJ is "not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported.").

Second, Plaintiff's argument that the ALJ's failure to address Dr. Bhaleeya's statement that Plaintiff required a standing/sitting desk equates to an erroneous RFC determination or an incomplete hypothetical question is unavailing and does not warrant reversal of the ALJ's decision. As an initial matter, it is unclear whether a doctor's certification for a reasonable accommodation under the ADA equates to a medical opinion or a specific functional limitation under the Commissioner's

regulations. Plaintiff does not explicitly argue that it does, and she does not cite any legal authority in support of her implicit contention that it does. Even assuming for argument's sake that Dr. Bhayeela's statement could constitute a medical opinion under the Commissioner's regulations, Dr. Bhayeela did not opine that Plaintiff's ability to stand was limited and her statement on Plaintiff's ability to sit was speculative and equivocal. Specifically, when asked to describe the extent to which Plaintiff's back pain limited her ability to sit, Dr. Bhaleeya responded "could be 1+ hour of sitting that aggravates or less than 1 hour can also aggravate if symptoms flare." *Id.* Moreover, even had the ALJ erred by failing to address Dr. Bhayeela's statement, the error would be harmless because the VE testified that an individual could still maintain work if she needed to be away from her workstation for five minutes every hour and needed a sit/stand option.[17] Tr. 70-71. Notably, Plaintiff has not argued that her need for a standing/sitting desk or a sit/stand option prevents her

---

[17] Plaintiff's attorney did not address Dr. Bhayeela's statement at the hearing, but she questioned the VE as follows (Tr. 70-71):

| | |
|---|---|
| Att.: | [I]f the individual was limited to only occasional fingering, handling, grasping, would that affect the ability to do any of the jobs that you cited? |
| VE: | Yes. One will need frequent bilateral use. |
| Att.: | So, if it's only occasional, those jobs would be eliminated. Is that your testimony? |
| VE: | Yes, counsel. |
| Att.: | And if the individual would need a sit/stand option, it would require them to be away from their desk approximately five minutes an hour. Would that affect the employability in the competitive market? |
| VE: | Well, if they need to be away from the workstation every five minutes? |
| Att.: | No. Five minutes at a time, once an hour. |
| VE: | Okay. Well, that would be underneath – well, let's take that one by itself, that person could still maintain work because that person would be off task less than 10% OF THE TIME. However, you said two things. I want to answer both questions. And you said sit/stand option. It would limit, it wouldn't preclude all work, but work could still be done within those restrictions. |

from performing the jobs identified by the VE, which she must do in order to be found disabled. *See* 20 C.F.R. § 404.1520(a)(4)(v), (g); *Doughty v. Apfel*, 245 F.3d 1274, 1278 n. 2 (11th Cir. 2001) (providing that a claimant must prove that she is unable to perform the jobs the Commissioner lists).

### E.   The ALJ did not Error in Considering Plaintiff's Subjective Allegations

Plaintiff's fifth objection is the same as her fifth argument. Plaintiff reiterates that the ALJ erred in assessing her subjective complaints because he did not identify what evidence was inconsistent with her description of her symptoms or address her "most serious symptoms and the objective evidence that supports" them. She adds that like the Commissioner, the Magistrate Judge also ignored that pain is inherently subjective, and that disability may be established by a claimant's own testimony. Doc. 18 at 20.

Plaintiff's objection is overruled. Contrary to Plaintiff's contention, the ALJ's review of the evidence reflects that he identified the medical evidence that was inconsistent with Plaintiff's allegations of disabling pain and limitations stemming from her cervical DDD and inflammatory arthritis. For example, the ALJ found that while Plaintiff underwent cervical and lumbar fusions due to DDD and showed a diminished range of motion in her cervical and lumbar spines, she generally denied numbness or tingling; there was no evidence of gait impairment except on one occasion; she had good muscle strength in her arms and legs; she had good grip strength, and while she showed diminished range of motion in the fingers on one

occasion, her range of motion was generally intact; and there were no range of motion deficits in her shoulders. Tr. 24-25. Additionally, the ALJ noted that lumbar imaging studies revealed only mild abnormalities, shoulder x-rays demonstrated no acute findings and no significant degenerative change, and x-rays of the hands showed only minimal changes. *Id.* The ALJ also noted that cervical spine imaging demonstrated mild to moderate degenerative changes, mild canal stenosis, and severe left foraminal stenosis. *Id.* A fair reading of the decision also reflects that the ALJ found the opinions of the medical consultants and NP Westbrook were inconsistent with Plaintiff's allegations of disabling symptoms, and no physician opined that Plaintiff retained an RFC more restrictive than that found by the ALJ. *Id.* at 26-27. Further, there is no indication that the Magistrate Judge ignored the proposition that pain is inherently subjective or that a disability may be shown by a claimant's own testimony. Plaintiff, however, ignores that "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability . . .." 42 U.S.C. § 423(d)(5)(A); *see* 20 C.F.R. § 404.1529(a) ("statements about [a claimant's] pain or other symptoms will not alone establish that [the claimant is] disabled").

Finally, the question for the Court "is not whether [the] ALJ could have reasonably credited [the] claimant's pain testimony, but whether the ALJ was clearly wrong to discredit it." *Mahon v. Comm'r of Soc. Sec.*, No. 8:16-cv-1462, 2017 WL 3381714, *9 (M.D. Fla. Aug. 7, 2017) (quoting *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938–39 (11th Cir. 2011) (modifications omitted)). The Magistrate Judge found that the ALJ discussed Plaintiff's subjective complaints and discounted them

because they were unsupported by the medical evidence. That reason is sufficient. *See Duval v. Comm'r of Soc. Sec.*, 628 F. App'x 703, 711-12 (11th Cir. 2015) (upholding ALJ's evaluation of the claimant's symptoms where claimant's testimony was unsupported by the medical evidence).

Because the ALJ's decision comports with applicable legal standards and is supported by substantial evidence, it must be affirmed. Accordingly, it is therefore **ORDERED**:

1. Plaintiff's Objections (Doc. 18) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 15) is **ADOPTED**, **CONFIRMED**, and **APPROVED** and is made a part of this Order for all purposes, including appellate review.

3. The Commissioner's decision denying Plaintiff's claim for a period of disability and DIB is **AFFIRMED.**

4. The Clerk is directed to enter judgment in favor of the Commissioner of Social Security and against Plaintiff Annette G. Schofield.

5. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 26, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
The Honorable Sean P. Flynn
Counsel of Record